## SCHMEHL v SCHMEHL et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15635.   Decided Dec 23, 1936

Farnsworth & Farnsworth, Cleveland, for plaintiff-appellee.

Allison Gibbons, Cleveland, for defendant-appellant.

## OPINION

By TERRELL, J.

This case is here on appeal on questions of law from a declaratory judgment entered by the Probate Court.

Stuart R. Schmehl, executor in the course of the administration of said estate, found that the full value of the estate would not exceed $500.00; that the costs of administration including attorney fees in several proceedings in said estate, would consume the whole estate; that the appraisers in the inventory filed had allowed to the surviving spouse of plaintiff's decedent the sum of $500.00 as property exempt from administration under §10509-54 GC; that of the assets listed in the inventory the surviving spouse had requested that there be set off to her and turned over to her a deposit in The Cleveland Trust Company amounting to $107.73 and also one share of common stock of The Hill Printing Co., appraised at $100.00.  Thereupon the plaintiff herein, as executor of said estate, filed a petition in Probate Court in which he recited these facts and requested a declaratory judgment of the Probate Court substantially upon this question:

"Can any part or all of the property which was set aside to the surviving spouse as property exempt from administration under §10509-54 GC be used to pay court costs, appraisers and attorney fees and other expenses of administration of the decedent's estate?"

Upon hearing of said petition the Probate Court found, declared and adjudged as follows:

"That the surviving spouse is not entitled to the payment to her of the funds in bank in preference to court costs, necessary and proper in the administration of the estate and in preference to necessary attorney fees of the executor of said estate."

The court further decreed that from the assets in his hands the executor should first pay the costs incurred in Probate Court in the administration of said estate, including appraisers fees and attorney fees necessary and proper in the administration of

the estate and in defending it against the attacks of the defendant, the surviving spouse, the amount of which fees are to be hereinafter determined by the Probate Court upon proper showing by the attorneys for the executor.

To the declaratory judgment of the Probate Court as herein stated the surviving spouse, the defendant, took exceptions and asks that this Court of Appeals reverse said declaratory judgment.

The surviving spouse claimed that she was entitled to the $500.00 allowed to her by the appraisers, which should not be subject to payment of any costs or expenses of the administration of the estate.

It is argued by counsel for the executor that it would be unjust to allow the surviving spouse to take the first $500.00 of the estate, either in property or money, without the payment of the costs and expenses of administration. It is argued by counsel for the surviving spouse that to allow the executor to first pay the costs and expenses of the administration of the estate out of the $500.00 would deny to the surviving spouse anything under §10509-54 GC because the costs and expenses would consume the whole of the estate.

The answer to these contentions must be found in the statutes, as the administration of estates is controlled exclusively by the statutes.

Sec 10509-54 GC provides that the surviving spouse, if she selects them, may have set off to her certain specific chattels —household effects, stock, tools, heirlooms, pictures, books, etc.,—not exceeding twenty percent of the whole appraisal of the estate and not more than $2500.00 nor less than $500.00, which property so selected shall not be deemed assets of the estate nor administered as such.

None of such property mentioned in the statute was selected by the surviving spouse. In fact no such property was listed in the inventory.

Sec 10509-54 GC further provides that if less than $500.00 in property is so selected, then the surviving spouse shall receive such a sum of money as shall equal the difference between the value of the property so selected and such amount as she would be entitled to select.

In this case, such difference would equal $500.00 because no selection of any specific property mentioned in the statute was made.

The statute further provides that such sum of money which the surviving spouse is entitled to receive,

"shall be a charge on all property, real and personal, prior to the claims of all unsecured creditors of the deceased or of the estate."

In the present case the surviving spouse was therefore entitled to receive $500.00 in lieu of specific exemptions as provided in §10509-54 GC.

The question still persists: Is this $500.00 to be paid to the surviving spouse free from the claim of the executor for fees and expenses and of the Probate Court for costs?

A careful consideration of all the related statutes lead a majority of this court, Lieghley. P.J. and the writer, to the conclusion that said amount of $500.00 should be given to the surviving spouse free from costs or expenses of administration. The very apparent purpose of §10509-54 GC which is entitled, "Property exempt from administration," and which provides specific exemptions of designated property to surviving spouse and minor children, is for the purpose of providing an immediate means of keeping the home together. This legislative purpose is made apparent from the fact that the surviving spouse may select household effects, tools, implements, heirlooms, pictures, books, etc., or in lieu thereof, the surviving spouse shall receive money. The provisions for money in lieu of specific chattels is just as important and stands on the same plane of exemption as that for the specific chattels. The chattels so selected, by the terms of the statute, are not to be deemed as assets of the estate nor administered as such; therefore no costs or expenses for administration could attach thereto. An analogy is readily perceived in the general statutes of exemption from execution. The property selected by the judgment debtor or money in lieu thereof, where provided, is not held for any costs or expenses of the litigation.

Sec 10509-55 GC indicates what is to become of this exempted property and who is to become the owner thereof. Among other things it provides "that such exempted sum of money as is received by a surviving spouse, shall belong to such surviving spouse." This clearly shows that the exempted money is considered on the same plane of exemptions as the specific chattels and not to be considered as assets of the estate or subject to the payment of costs.

If the legislature so intended, it would have been an easy matter to state that the costs and expenses of administration should first be paid before the specific exemption.

No such expression has been made by the legislature nor do we find any analogy in the statutes from which we could conclude that it was so intended.

When an executor finds among the assets of an estate any property of a third person his duty is to return such property to the rightful owner, free from costs of the administration of the estate. So also, should he turn over to the surviving spouse the specific exemptions or money in lieu thereof without a charge for costs and expenses of administration. It seems clear under §10509-55 GC that if the surviving spouse had possession of the property which she claims as specifically exempt from administration, it should remain in her possession. It could not then be subject to costs or expenses of administration. We hold likewise that the specific exemptions or money in lieu thereof to the surviving spouse are not subject to the payment of costs or expenses.

In the present case it is appasent that the legislative purpose contained in §10509-54 GC would be entirely defeated and the surviving spouse receive nothing if the costs and expenses of administration were first to be deducted from the exemptions to the surviving spouse.

It is claimed by the executor that since the Probate Court exists on fees it would not only be unjust but unconstitutional for the legislature to enact a statute whereby the surviving spouse would receive the balance of the estate and no costs or expenses of administration be paid from the estate. We do not agree with the executor in this contention. In the first place the executor is primarily liable to the Probate Court for costs incurred. The court may demand in advance costs incident to the appointment of the executor. §10509-39 GC. In cases of this kind where the value of the estate is $500.00 or less, no administration need be had and a fee of $2.00 is provided for "declaring administration not necessary." §10501-42, GC, subdivision 3.

This same section provides that in estates under $500.00 in value, the total fees of the probate judge shall not exceed $10.00. The executor knew the status of the estate from the beginning. Whatever costs and expenses were incurred by him were done with knowledge of the meager assets of the estate. In bringing about such expenses he did so at his own risk that there would not be enough funds to pay therefor. There is no injustice in a situation of this kind. It appears to the writer that there should have been no administration of this estate. Estates are usually administered for the benefit of creditors and next of kin. It was never the policy of the law to allow an estate to be squandered in expenses of administration where they could be easily avoided. It could have been avoided in this case by the simple request to the Probate Court to have the administration declared unnecessary. §10501-42 GC.

In view of the small amount of this estate it would appear that the executor was not justified in filing this action for a declaratory judgment, thereby incurring great expenses for attorney fees and intending to charge such fees against the estate. The same end sought to be accomplished by this suit for declaratory judgment could have been worked out in the proceedings to administer said estate by the executor filing a partial account in said proceedings and asking that an allowance be made for attorney fees and costs to be paid prior to the specific exemptions. We are in agreement with the statement made in Borchard on Declaratory Judgments, page 179:

"Yet where a suit or proceeding is already pending involving the same issues it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or the plaintiff in that case."

Lieghley, P.J., and Levine, J., are of the opinion that the subject matter of the petition for declaratory judgment in this case is not justifiable and for that reason the judgment of the trial court should be reversed.

For the reasons hereinbefore stated, it is our opinion that the judgment of the trial court should be reversed.

LIEGHLEY, PJ, and LEVINE, J, concur.